1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8

9    Daniela Geonkova,                    )    No. CV 10-01494-PHX-MHM
                                           )
10                Plaintiff,               )    **ORDER**
                                           )
11   vs.                                   )
                                           )
12                                         )
     Sunrise Senior Living Management, Inc. )
13                                         )
                  Defendant.               )
14                                         )
                                           )
15   _____  )

16

17         Pending before this Court is Plaintiff's Motion to Remand.  (Doc. 13).  Having

18   reviewed Plaintiff's Motion to Remand, as well as the response and reply thereto, the Court

19   issues the following Order.

20   **I.     BACKGROUND**

21         In October 2009, Plaintiff Daniela Geonkova ("Plaintiff") filed a complaint against

22   Defendant Sunrise Senior Living Management ("Defendant") in Maricopa County Superior

23   Court.  (Doc. 1-4).  Plaintiff alleged claims of malicious prosecution and abuse of process.

24   (Id.).  Defendant filed its Answer in November 2009.  (Id.).  Defendant then filed a Motion

25   for Summary Judgment in February 2010 (id.), which the trial court denied in April 2010.

26   (Doc. 1-5).

27         On June 16, 2010, Defendant's counsel sent Plaintiff's counsel an email stating that

28   Plaintiff was in violation of the court's scheduling order because Plaintiff had not yet

provided Defendant with a Rule 26.1 initial disclosure statement. (Doc. 15-1, Ex. A). Later that day, Plaintiff 's counsel sent an informal disclosure email to Defendant's counsel. (Id.). The email reads as follows:

> [f]or a computation of economic damages, [Plaintiff] incurred $750 in attorneys' fees to defend the criminal proceeding, and anticipates incurring between $50,000-$100,000 in attorneys' fees with immigration attorneys (depending on the length of the proceeding, appeals, etc.) to gain permanent citizenship in light of her need to now respond on the citizenship application that she's been arrested and charged with a crime (and the attendant problems that will come from that admission). We're seeking punitive damages in an amount to be determined (relative to Sunrise's annual income). Please consider this an informal disclosure. If you need a more formal one, please advise.

(Id.).

On July 15, 2010, Defendant filed a Notice of Removal (Doc. 1), in which Defendant alleged that removal was proper pursuant to 28 U.S.C. §1332(a)(1) because the amount in controversy exceeded $75,000, and the parties were both citizens of different states.[1] Specifically, Defendant stated that "[t]he total amount in controversy, as disclosed for the first time by Plaintiff's counsel via email on June 16, 2010, is over $75,000. Accordingly, this Court now has diversity jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. §1332(a)(1)." (Id.). Defendant contends that it relied upon Plaintiff's informal disclosure email in determining that the amount in controversy exceeded $75,000. (Doc. 14).

On August 16, 2010, Plaintiff filed a Motion to Remand. (Doc. 13). Plaintiff argues that this Court should remand the case back to state court and grant Plaintiff an award of attorney's fees because Defendant did not satisfy its burden to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Specifically, Plaintiff contends that "[t]he determinable damage suffered (i.e., attorneys's fees incurred to defend the underlying criminal action) are nominal at best. All of [Plaintiff's] other damages are at

---

[1]Plaintiff is a citizen of Arizona, and Defendant is a Virginia corporation with its principal place of business in Virginia.

1    the sole discretion of the jury, and the mere possibility that reputational and/or punitive

2    damages might be awarded is not enough to meet federal jurisdictional requirements." (Id.).

3         Defendant filed a Response to Plaintiff's Motion to Remand on August 30, 2010.

4    (Doc. 14).   Defendant states that it does not oppose remanding the case in light of the

5    statement Plaintiff made in her Motion to Remand that her determinable damages are

6    "nominal at best." Specifically, Defendant stated that "[i]n reliance upon Plaintiff's current

7    admission that her claimed damages are insufficient to confer diversity jurisdiction on this

8    Court, Defendant does not oppose the Motion for Remand." (Id.). Defendant does, however,

9    oppose Plaintiff's request for an award of attorney's fees. Defendant argues that this Court

10   should not grant Plaintiff an award of attorney's fees because Defendant reasonably relied

11   upon Plaintiff's informal disclosure email in determining that the amount in controversy

12   exceeds $75,000. Defendant argues that it was further justified in its belief that the amount

13   in controversy exceeds $75,000 because Plaintiff opted out of compulsory arbitration, which

14   establishes at a very minimum that the amount in controversy exceeds $50,000.

15        Plaintiff filed a Reply in support of her Motion to Remand in September 2010. (Doc.

16   16).   Plaintiff argues that this Court should grant an award of attorney's fees because

17   Defendant lacked an objectively reasonable basis for removal.    Plaintiff claims that

18   Defendant's decision to remove the case was objectively unreasonable because it was based

19   on a "blatant mischaracterization" of Plaintiff's informal disclosure email. (Id.). In addition,

20   Plaintiff contends that this Court should grant an award of attorney's fees because it appears

21   that Defendant filed its Notice of Removal for the purpose of delaying adjudication of the

22   case. Plaintiff states that that Defendant litigated this matter for approximately nine months,

23   including having filed an unsuccessful summary judgment motion, before seeking removal.

24   **II.    LAW**

25        The attorney's fees statute at issue in this case, 28 U.S.C. § 1447(c), states that "[a]n

26   order remanding the case may require payment of just costs and any actual expenses,

27   including attorney fees, incurred as a result of the removal." "Absent unusual circumstances,

28

1    courts may award attorney's fees under §1477(c) only where the moving party lacked an

2    objectively reasonable basis for seeking removal." <u>Martin v. Franklin Capital Corp.</u>, 546

3    U.S. 132, 141 (2005).  In addition, "district courts retain discretion to consider whether

4    unusual circumstances warrant a departure from the rule in a given case.  For instance, a

5    plaintiff's delay in seeking remand or failure to disclose facts necessary to determine

6    jurisdiction may affect the decision to award attorney's fees." <u>Id.</u>

7         Courts may award attorney's fees "when a defendant's removal, while 'fairly

8    supportable,' was wrong as a matter of law." <u>Balcorta v. Twentieth Century-Fox Film Corp.</u>,

9    208 F.3d 1102, 1106, n.6 (9th Cir. 2000).  "The appropriate test for awarding fees under

10   §1477(c) should recognize the desire to deter removals sought for the purpose of prolonging

11   litigation and imposing costs on the opposing party, while not undermining Congress' basic

12   decision to afford defendants a right to remove as a general matter, when the statutory criteria

13   are satisfied." <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 140 (2005).

14   **III.   DISCUSSION**

15        As an initial matter, this Court finds that Defendant failed to prove by a

16   preponderance of the evidence that the amount in controversy exceeds $75,000.  <u>See

17   Singer v. State Farm Mut. Auto Ins. Co.</u>, 166 F.3d 373, 376 (9th Cir. 1997) (holding that

18   the removing defendant bears the burden of proving by a preponderance of the evidence

19   that the amount in controversy exceeds $75,000).  Plaintiff's informal disclosure email

20   states that Plaintiff incurred $750 in attorney's fees and that Plaintiff anticipates incurring

21   between $50,000 - $100,000 in attorney's fees with immigration attorneys in light of her

22   need to now respond on her citizenship application that she has been arrested and charged

23   with a crime.  Plaintiff's email also states that Plaintiff seeks punitive damages in an

24   amount relative to Defendant's annual income.  Thus, the estimated range of future

25   economic damages, as set forth in Plaintiff's informal disclosure email, falls both below

26   and above $75,000.

27

28

The certificate of compulsory arbitration establishes that the total amount in controversy exceeds $50,000.  The informal disclosure email and the certificate of arbitration, taken together, do not establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.  See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (holding that "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance"). Regardless, Defendant does not oppose Plaintiff's request to remand the case.  Accordingly, the Court will remand the case to state court.

The remaining issue is whether this Court should grant an award of attorney's fees to Plaintiff.  Plaintiff argues that this Court should grant an award of attorney's fees because  Defendant lacked an objectively reasonable basis for removing the case. Plaintiff contends that Defendant's decision to remove the case was objectively unreasonable because it was based on a "blatant mischaracterization" of Plaintiff's informal disclosure email.  Defendant contends that it reasonably relied on Plaintiff's informal disclosure email in determining that the amount in controversy exceeds $75,000. Defendant also argues that it was further justified in its belief that the amount in controversy exceeds $75,000 because Plaintiff opted out of compulsory arbitration, establishing that the amount in controversy exceeds $50,000.

This Court finds, in its discretion, that Plaintiff is entitled to an award of attorney's fees because Defendant lacked an objectively reasonable basis for believing that the amount in controversy exceeds $75,000.  The compulsory certificate of arbitration merely establishes that the amount in controversy exceeds $50,000.  See Carr v. Esurance Ins. Co., 2009 U.S. Dist LEXIS 65091 *7 (D. Ariz. 2009) (holding that the "certificate of arbitration does nothing more than establish that the amount in controversy is likely more than $50,000. . . . [T]he certificate does not prove that the amount in controversy is greater than $75,000"). Plaintiff's disclosure email merely establishes that the amount in controversy *might* be more than $75,000.  Plaintiff's disclosure email and

the compulsory certificate of arbitration, taken together, do not establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. Accordingly, Defendant's decision to remove the case based solely on those two documents was objectively unreasonable.

Based on the foregoing,

**IT IS HEREBY ORDERED** granting Plaintiff's Motion to Remand.  (Doc. 13).

**IT IS FURTHER ORDERED** granting Plaintiff's request for an award of attorney's fees in an amount to be determined upon Plaintiff's compliance with the requirements set forth in Local Rule of Civil Procedure 54.2.

DATED this 16th day of December, 2010.

_____
Mary H. Murgula
United States District Judge